(No. 3703—

SILAS HAMSON, Claimant, vs. STATE OF ILLINOIS, Respondent.
*Opinion filed November 13, 1945.*

J. HOWARD HELMICK, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DAMRON, J.

This complaint was filed April 8, 1942 and seeks an award under the Workmen's Compensation Act.

The record consists of the claimant, report of Division of Highways, stipulation in lieu of evidence, waiver of brief of claimant and respondent.

Silas Hamson, according to the record, resides in Decatur, Illinois. He was first employed by the Division of Highways on April 23, 1941 as a laborer at a rate of $.50 per hour and continued in that capacity and at that wage rate until the time of the alleged accident on which this claim is based. He had no children under sixteen years of age dependent upon him for support at the time of the accident in question.

On July 23, 1941 at about 8:25 A. M., the claimant was riding in the bed of a truck owned by the respondent. The truck was traveling from Decatur to Farmer City to engage in patching concrete pavement on arrival at that point. At the "Y" intersection of S. B. I. Routes 48 and 121, the driver lost control of the truck, the truck upset and the claimant was thrown to the ground and injured. He was taken immediately to St. Mary's Hospital in Decatur and placed under the care of Dr. John J. Hopkins, of that city. He remained under the care of Dr. Hopkins until November 26, 1941. On December 9, 1941, the claimant was sent to Chicago by the respondent and there placed under treatment by Dr. H. B. Thomas, an orthopedic surgeon. He remained under the care of

this physician until the 13th day of February, 1942. According to the stipulation filed herein, claimant received compensation for temporary total disability from the date of his injury to the 23rd day of February, 1942, amounting to the sum of $382.14, at a compensation rate of $11.58. He claims to be entitled to temporary total compensation to the 31st day of May, 1942, after which date he was able to return to work.

In addition to the additional temporary total disability claimed, claimant also seeks an award of $11.58 per week for 190 weeks for the loss of use of his right leg, as provided by the Workmen's Compensation Act of the State of Illinois.

In the report of the Division of Highways, filed in this case are reports of the physicians who treated claimant. Dr. John J. Hopkins, who first attended the claimant directly after the accident and in whose care he remained until November 26, 1941, summarizes claimant's injuries as follows:

"Sprain and bruise left and right ankles, bruises left thigh posterior lower ⅓, bruise over right crest of illiac. Laceration left face. Fracture longitudinal through head of right tibia. Treatment—suture of laceration on face, immobilization of fracture. Estimated date of ability to return to work—12 weeks."

Dr. H. B. Thomas, to whom he was sent after being discharged following the treatment rendered by Dr. Hopkins, made a report to the Division on December 18, 1941, as follows:

"Treatment—baking and massage and use to right knee and ankle. Prognosis—fair. The right knee will continue to give some trouble. The right ankle should recover completely. Not yet able to work * * *."

On February 13, 1942, Dr. Thomas reported:

"Mr. Hamson was dismissed today and is on his way home by train. His measurements of the motion in the ankle are about the

same as last time—dorsi flexion of both ankles are almost alike, plantar flexion of the right ankle is 10° less than the left. Supination is 50% of normal and pronation is 35% of normal. (2/3/42.) The motion at the knee is practically full. You will remember, however, that he had a bad fracture. He will probably have a disability of the right knee of 10% and of the right ankle 10%. I believe he could do some light work, but I am sure he won't want to."

From a consideration of this record, we make the following finding. That the claimant and respondent were, on the 23rd day of June, 1941, operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned, said claimant sustained accidental injuries which arose out of and in the course of the employment; and that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent within the time required under the provisions of Section 24 of this Act.

The record discloses that claimant was being paid by the respondent the sum of $4.00 per day for an eight hour day or an annual wage of $800.00. This in turn equals an average weekly wage of $15.38, making his compensation rate amount to the sum of $7.69. However, the accident having occurred subsequent to July 1, 1939, the compensation is increased under the Act by 10%, making his weekly compensation rate $8.45; that claimant, at the time of the injury was 58 years of age and had no children under sixteen years of age dependent upon him for support; that the necessary first aid, medical, surgical and hospital services were provided by the respondent, amounting to the sum of $480.16; that the sum of $382.14 was paid to the claimant for temporary total disability at a compensation rate of $11.58. That claimant was temporarily totally disabled from June 23, 1941 to May 31, 1942, being 48 weeks and six days, for which he is entitled to be paid at $8.45 per week, amounting to

the sum of $412.84, leaving a balance due claimant for temporary total disability of $30.70.

From the medical testimony, it appears that claimant has sustained a 25.% permanent loss of use of his right leg, amounting to 47½ weeks at $8.45 per week, which is $401.38. Claimant is also entitled to $30.70 additional temporary total disability compensation making a total sum due claimant of $432.08, as provided in Section 8, paragraph 15e of the Workmen's Compensation Act, as amended.

An award is therefore entered in favor of claimant in the sum of $432.08, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "an Act concernng the payment of compensation awards to State employees."